UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

# First Amended Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | James Wilks |
| Case No.: | 4:08-CR-106-Y(1) |
| Name of Sentencing Judge: | Senior U.S. District Judge Terry R. Means |
| Date of Original Sentence: | March 9, 2009 |
| Original Offense: | Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2), a Class C felony |
| Original Sentence: | 60 months custody, 10-year term of supervised release |

Revocations:
**October 16, 2014:** Plea of true; revocation hearing continued.
**December 18, 2014:** Revocation hearing recessed.
**March 26, 2015:** Plea of true; supervised release reinstated; revocation hearing recessed.
**May 26, 2016:** Petition to revoke dismissed; supervised release reinstated.
**April 27, 2017:** Supervised release revoked. 18 months custody, 5-year term of supervised release
**December 16, 2021:** Supervised release revoked. 24 months custody, Life term of supervised release

| | |
|---|---|
| Detainers: | None |
| U.S. Marshals No.: | 38055-177 |
| Type of Supervision: | Supervised Release   Date Supervision Commenced: May 30, 2025 |
| Assistant U.S. Attorney: | Alex C. Lewis        Defense Attorney: *Eduardo Carranza* (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

Since the Petition for Person Under Supervision was filed on August 28, 2025, there have been changes to the United States Sentencing Commission Guidelines, as well as new case law for the Court's review. The 2025 United States Sentencing Commission Guidelines Manual, which took effect on November 1, 2025, included significant revisions to Chapter 7. Specifically, these revisions separate Violations of Probation and Violations of Supervised Release by creating a new Part C, which addresses violations of supervised release only. This First Amended Petition for Person Under Supervision supersedes the original Petition for Person Under Supervision filed on August 28, 2025, includes additional violations, amends Chapter 7 Violation Computations and the relevant case law. Changes are noted in *italicized typeface*.

I.

**Violation of Mandatory Condition**

The defendant shall not possess illegal controlled substances.

### Violation of Mandatory Condition

The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use; abstain from the use of alcohol and all other intoxicants during and after completion of treatment; contribute to the costs of services rendered (copayment) at the rate of at least $25 per month.

### Nature of Noncompliance

James Wilks violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in June 2025. On June 25, 2025, Mr. Wilks submitted a urine specimen at Helping Open People's Eyes (HOPE), which tested positive for methamphetamine. Mr. Wilks denied use of methamphetamine after May 2025. This specimen was confirmed positive for methamphetamine by Alere Toxicology Services.

*Mr. Wilks violated these conditions of supervised release by using and possessing codeine, a controlled substance, without a valid prescription, in October 2025. On October 23, 2025, Mr. Wilks submitted a urine specimen at HOPE, which tested positive for opiates. Mr. Wilks denied use of any opiate and indicated he had no current prescription for any narcotic medication. This specimen was confirmed positive for codeine by Alere Toxicology Services.*

### Personal History

James Wilks appeared before the Court on December 16, 2021, for revocation proceedings in Case No. 4:08-CR-106-Y(1) and Case No. 4:21-CR-302-Y(1). It is noted that Mr. Wilks was charged with, and later convicted of, Possession of Contraband in Prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(2), & (d)(1)(A), in Case No. 4:21-CR-302-Y(1), while he was serving a revocation custody sentence in the instant federal offense (Case No. 4:08-CR-106-Y(1)). While an inmate at Federal Correctional Institution - Texarkana, in May 2017, Mr. Wilks was discovered with a smoking pipe containing a synthetic cannabinoid. Your Honor revoked both concurrent terms of supervised release and sentenced Mr. Wilks to two consecutive 24-month terms of custody, for an aggregate custody sentence of 48 months. Supervised release was not reimposed in Case No. 4:21-CR-302-Y(1). A Life term of supervised release was reimposed in Case No. 4:08-CR-106-Y(1). Mr. Wilks completed his 48-month revocation custody sentence and began supervised release in the Northern District of Texas, Fort Worth Division, on May 30, 2025.

During his most recent revocation custody term (not part of supervised release), Mr. Wilks was assigned to a Residential Drug Treatment program from September 22, 2022, until his program failure/expulsion on February 13, 2023. On April 1, 2025, prior to Mr. Wilks's commencement of supervised release, Senior U.S. Probation Officer Kathleen Lamour (Sr. USPO Lamour) and U.S. Probation Officer Marisa Munoz (USPO Munoz) met with Mr. Wilks at the Residential Reentry Center (RRC) at the Volunteers of America, in Hutchins, Texas. Mr. Wilks admitted to using illicit substances "for the first 18 months" of his revocation sentence but indicated he had been abstinent for approximately two years. On May 28, 2025, Mr. Wilks admitted to Sr. USPO Lamour that he used methamphetamine approximately four times per week, between February 7, 2025, through May 25, 2025, while assigned to the RRC.

At the onset of this term of supervised release, Mr. Wilks was referred to the Veterans Administration to determine his eligibility for substance abuse treatment; however, he insisted he gained the most benefit from a 12-step group, despite finding some of the tenets difficult as an atheist. Mr. Wilks reported attending a few recovery meetings in the community but failed to commit to regular attendance and engagement. Mr. Wilks submitted negative urine specimens on June 12, 2025, and June 16, 2025, however, on June 25, 2025, Mr. Wilks tested positive for methamphetamine. When informed of the test result, Mr. Wilks adamantly denied any use of methamphetamine since May 25, 2025. Based on his assertion, the June 25, 2025, specimen was sent to Alere Toxicology Services for confirmation. On July 26, 2025, the specimen confirmed positive for the presence of methamphetamine.

Mr. Wilks has a lengthy history of substance abuse, which he identifies as a contributing factor to his sexual deviance. In fact, he attributes the instant federal offense conduct, involving possession of child sex abuse material, as well as his supervised release violation conduct pertaining to his sexualization of his wife's minor daughter, to his use/abuse of methamphetamine. Over the years, Mr. Wilks has participated in numerous residential drug treatment programs, both in custody and in the community, as well as outpatient substance abuse and mental health programs; however, he continues to revert to illicit drug use, which increases his risk to recidivate.

*On September 16, 2025, Mr. Wilks appeared before the Court on a Summons and pled True to the allegation pertaining to his use and possession of methamphetamine. The Court recessed the hearing for 90 days, reserving the possibility of returning sooner if there were additional positive drug tests. On October 23, 2025, Mr. Wilks submitted another positive drug test despite his assertion that he has not used any controlled substance and does not possess a current prescription for any narcotic medication. Since his appearance in September 2025, Mr. Wilks started a new job with Carvana in Fort Worth, and he continues to participate in outpatient substance abuse and sex offender treatment programs. He is presently scheduled to return for continued proceedings on January 13, 2025.*

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3). |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Life (Life minus 42 months from two prior revocations) minus current revocation sentence. 18 U.S.C. § 3583(h). |

In U.S. v. Vera, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation. *Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.*

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a)(3), p.s. |
| **Criminal History Category:** | I | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 3-9 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n. 4), p.s. |

*Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation may be appropriate for a Grade C violation.*

*In Esteras v. U.S., 606 U.S. ---, 145 S.Ct. 2031 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.*

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2025
Respectfully submitted,                                          Approved,

_____                    _____
Kathleen Lamour                                                  Jennifer Morris
Senior U.S. Probation Officer                            Supervising U.S. Probation Officer
Fort Worth, Texas                                                Dallas, Texas
Phone:  214-288-0625                                         Phone:  214-753-2485

**Order of the Court:**

☒   The Court acknowledges receipt of the First Amended Petition for Person Under Supervision. This Petition supersedes the original Petition for Person Under Supervision, filed on August 28, 2025.

☐   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐   The Issuance of a Summons.

☐   Other or Additional: _____

☐   File under seal until further order of the Court.

_____
Terry R. Means
U. S. District Judge

November 26, 2025
Date

James Wilks
First Amended Petition for Person Under Supervision
Case 4:08-cr-00106-Y   Document 152   Filed 11/26/25   Page 5 of 5   PageID 884

Page 5 of 5